UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARSHALL WRIGHT, #588791,

    Petitioner,

                                  Civil No: 2:08-12576
                                  Honorable Victoria A. Roberts
                                  Magistrate Judge Michael J. Hluchaniuk

v.

DONALD RUDOPLH,

    Respondent.

_____/

**OPINION AND ORDER GRANTING
RESPONDENT'S MOTION TO DISMISS &
DENYING A CERTIFICATE OF APPEALABILITY**

This matter is before the Court on Respondent's motion to dismiss. Petitioner has not responded. Pursuant to E.D. Mich. LR 7.1(e)(2), the Court decides the motion without oral argument.

Petitioner was convicted in Wayne County Circuit Court of accosting a minor, Mich. Comp. Laws §750.145a. He was sentenced to three years probation. The conviction and sentence were affirmed by the Michigan Court of Appeals. See *People v. Wright*, No: 268339, 2007 WL 1342599 (Mich. App. May 8, 2007). The Michigan Supreme Court denied Petitioner's application for leave to appeal. See *People v. Wright*, 480 Mich. 922; 740 NW2d 267 (2007)(table). Petitioner pursued no other avenues of relief in state court.

**I. BACKGROUND**

In this habeas petition, Petitioner asserts seven grounds for unlawful custody:

I. Due process requires that Mr. Wright's conviction be vacated because MCL 750.145a is unconstitutionally vague.

II. Mr. Wright's conviction must be vacated because the evidence presented at trial was not legally sufficient to sustain the conviction.

III. Judge Jones reversibly erred by allowing a police officer witness to testify, over objection, that Mr. Wright exercised his constitutional right to remain silent at the time of his arrest and by denying Mr. Wright's motion for mistrial based on that ruling.

IV. Judge Jones abused her discretion when she effectively precluded defense counsel from participating in voir dire and the result was that counsel was denied a reasonable opportunity to determine whether jurors were subject to challenge.

V. Judge Jones denied Mr. Wright his federal due process right to a trial before an impartial judge when she denied counsel's motion that she recuse herself.

VI. Miranda rights were not read to Petitioner at the time of his arrest by the arresting officers and no arrest warrant was produced and he was not given an opportunity to explain.

VII. Evidence tampering. The words "or naughty I won't tell" were added [to a letter Petitioner wrote the victim] prior to the hearing and the jury trial. This was presented in court but not considered an issue to appeal. Defendant recognizes his own handwriting. Case should be dismissed.

In his motion to dismiss, Respondent correctly notes that this petition contains exhausted and unexhausted claims. Only the first five claims were presented to the Michigan appellate courts.

Respondent requests that the petition be dismissed on exhaustion grounds under 28 U.S.C. §2254(b)(1)(a) and pursuant to *Rose v. Lundy*, 455 U.S. 509, 522 (1982) (generally, "mixed petitions" (i.e., those containing both exhausted and unexhausted claims) must be dismissed in order to enforce the longstanding requirement that a habeas petitioner, confined on the authority of a state court judgment, must first exhaust his remedies in state court).

However, it is unnecessary for the Court to analyze this case under *Rose, Rhines*[1], 28 U.S.C. § 2244 (d)(1), (d)(2)[2], or MCR 6.502[3] based on exhaustion because the habeas petition is moot.

## II.  DISCUSSION

### A.  Habeas Petition is Moot

Article III, section 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). An incarcerated habeas petitioner's challenge to the validity of his or her conviction satisfies the case-or-controversy requirement because the incarceration constitutes a concrete injury which can be redressed by the invalidation of the conviction. *See Spencer* v. *Kemna*, 523 U.S. 1,  7 (1998). Once the convict's sentence has expired, however, some concrete and continuing injury other than the

---

[1]The Supreme Court has held that district courts have the discretion to "stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court." *Id.*

[2]The applicability of the statute of limitations to a habeas petition when Petitioner has failed to exhaust all of his habeas claims.

[3]Whether a motion for relief from judgment is an available state court remedy for Petitioner to use as a means of exhausting his state court claims.

now-ended incarceration or parole – some "collateral consequence" of the conviction – must exist if the suit is to be maintained in federal court and not considered moot. *Id.*

When the issuance of a writ of habeas corpus would have no effect on a petitioner's term of custody, and would impose no collateral legal consequences, the habeas petitioner fails to present a justiciable case or controversy within the meaning of Article III of the United States Constitution. *See Ayers v. Doth*, 58 F. Supp. 2d 1028, 1034 (D. Minn. 1999). [M]ootness results when events occur during the pendency of a litigation which render the court unable to grant the requisite relief." *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986). Because it strikes at the heart of federal court jurisdiction, the mootness of a habeas petition can be raised *sua sponte* by the federal court, even if the issue is not addressed by the parties. *See Medberry v. Crosby*, 351 F.3d 1049, 1054, n.3 (11th Cir. 2003).

Petitioner completed his sentence and was discharged from custody on October 27, 2008. Petitioner has not shown that he suffers continuing collateral consequences flowing from his conviction. Absent such a showing, a Petitioner's claims regarding unconstitutional confinement are rendered moot by the completion of the imprisonment term and his discharge from custody. *See Spencer*, 523 U.S. at 7-14; see also *Prowell v. Hemingway*, 37 Fed. Appx. 768, 769-70 (6th Cir. 2002) (federal prisoner's § 2241 petition for writ of habeas corpus which challenged his

parole revocation was rendered moot by petitioner's release upon completion of his sentence, absent a showing of actual collateral consequences).

Petitioner's sentence has been completed, he has been discharged from custody, and any injury Petitioner suffered cannot be redressed by a favorable judicial decision from this Court. The petition is subject to dismissal.

### III. CERTIFICATE OF APPEALABILITY

A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. 28 U.S.C. §§ 2253(c)(1)(A), (B). A district court, in its discretion, may decide whether to issue a COA at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002); *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir. 1997), *overruled in part on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997). In denying the habeas petition, the Court studied the record and the relevant law, and concludes that, as a result, it is presently in the best position to decide whether to issue a COA. *See Castro*, 310 F.3d at 901 (quoting *Lyons*, 105 F.3d at 1072 ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.)).

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that reasonable jurists would not debate the Court's conclusion that Petitioner does not present any claims upon which habeas relief may be granted. Therefore, the Court denies a certificate of appealability.

### IV. CONCLUSION

The petition for a writ of habeas corpus is **DISMISSED** and **DENIED** as **MOOT.**

**SO ORDERED.**

> s/Victoria A. Roberts
> Victoria A. Roberts
> United States District Judge

Dated:  June 15, 2009

> The undersigned certifies that a copy of this document was served on the attorneys of record and Marshall Wright by electronic means or U.S. Mail on June 15, 2009.
>
> s/Linda Vertriest
> Deputy Clerk