# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

MARSHALL WRIGHT,
      Petitioner,

                                  Civil No: 2:08-12576
                                  Honorable Victoria A. Roberts
                                  Magistrate Judge Michael J. Hluchaniuk

v.

DONALD RUDOLPH,

      Respondent.

_____/

## OPINION AND ORDER DENYING
## RESPONDENT'S MOTION TO DISMISS

        This matter is before the Court on Respondent's motion to dismiss.  Petitioner,

Marshall Wright, was on probation when he filed his *pro se* habeas petition under 28 U.S.C.

§2254.  Petitioner completed his sentence of probation and was discharged from custody

on October 27, 2008.[1] He was  convicted in Wayne County Circuit Court of accosting a

minor, Mich. Comp. Laws §750.145a.  Petitioner was sentenced to three years probation.

Pursuant to E.D. Mich. LR 7.1(e)(2), the Court decides the motion without oral argument.

The Court will **DENIES** the motion.

## I. BACKGROUND

_____

      [1]Article III, § 2, of the Constitution requires the existence of a case or controversy
through all stages of federal judicial proceedings. This case or controversy requirement
means that, throughout the litigation, the plaintiff "must have suffered, or be threatened
with, an actual injury traceable to the defendant and likely to be redressed by a
favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).
Where a habeas corpus petitioner challenges a conviction pursuant to which the
petitioner is no longer incarcerated, collateral consequences sufficient to satisfy the
case or controversy requirement will generally be presumed. *Sibron v. New York*, 392
U.S. 40, 55 (1968); see also *Gentry v. Deuth,* 456 F.3d 687, 693-95 (6th Cir. 2006).
Thus, Petitioner's discharge does not render his petition moot.

Petitioner was an elementary school teacher at the time this matter arose.  He was accused of inappropriate correspondence with his ten year old, fourth grade science class student.  Following Petitioner's conviction, he filed an appeal of right  with the Michigan Court of Appeals raising the following claims:

I.  Due process requires that Mr. Wrights's conviction be vacated because MCL 750.145a is unconstitutionally vague.

II.  Mr. Wright's conviction must be vacated because the evidence presented at trial was not legally sufficient to sustain conviction.

III.  Judge Jones reversibly erred by allowing a police officer witness to testify, over objection, that Mr. Wright exercised his constitutional right to remain silent at the time of his arrest and by denying Mr. Wright's motion for a mistrial based on that ruling.

IV.  Judge Jones abused her discretion when she effectively precluded defense counsel from participating in voir dire and the result was that counsel was denied a reasonable opportunity to determine whether jurors were subject to challenge.

V.  Judge Jones denied Mr. Wright his federal due process right to a trial before and impartial judge when she denied counsel's motion that she recuse herself.

The Michigan Court of Appeals affirmed the conviction and sentence.  See *People v. Wright*, No: 268339, 2007 WL 1342599 (Mich. App. May 8, 2007).  Petitioner's application for leave to appeal to the Michigan Supreme Court, which raised the same claims asserted in the Michigan Court of Appeals, was denied on October 29, 2007. *People v. Wright*, 480 Mich. 922; 740 NW2d 267 (2007)(table).

In this habeas petition, Petitioner asserts the following seven habeas claims:

I.  Due process requires that Mr. Wright's conviction be vacated because MCL 750.145a is unconstitutionally vague.

II.  Mr. Wright's conviction must be vacated because the evidence presented

at trial was not legally sufficient to sustain the conviction.

III.   Judge Jones reversibly erred by allowing a police officer witness to testify, over objection, that Mr. Wright exercised his constitutional right to remain silent at the time of his arrest and by denying Mr. Wright's motion for a mistrial based on that ruling.

IV.   Judge Jones abused her discretion when she effectively precluded defense counsel from participating in voir dire and the result was that counsel was denied a reasonable opportunity to determine whether jurors were subject to challenge.

V.   Judge Jones denied Mr. Wright his federal due process right to a trial before an impartial judge when she denied counsel's motion that she recuse herself.

VI.   Miranda rights were not read to Petitioner at the time of his arrest by the arresting officers and no arrest warrant was produced and he was not given an opportunity to explain.

VII.   Evidence tampering. The words "or naughty I won't tell" were added [to a letter Petitioner wrote the victim] prior to the hearing and the jury trial. This was presented in court but not considered an issue to appeal. Defendant recognizes his own handwriting. Case should be dismissed.

Respondent's motion to dismiss correctly notes that this petition contains exhausted and unexhausted claims; only the first five claims were presented to the Michigan appellate courts.

Respondent requests that the petition be dismissed on exhaustion grounds under 28 U.S.C. §2254(b)(1)(a) and pursuant to *Rose v. Lundy*, 455 U.S. 509, 522 (1982) (generally, "mixed petitions" (i.e., those containing both exhausted and unexhausted claims) must be dismissed in order to enforce the longstanding requirement that a habeas petitioner, confined on the authority of a state court judgment, must first exhaust his remedies in state court).  Although Petitioner has filed a responsive pleading, he does not

3

address the exhaustion issue.[2]  Rather, Petitioner discusses his efforts to obtain various

documents he claims are necessary to support his habeas claims.

## II.  DISCUSSION

As the Supreme Court explained in *Rose*:

[t]he exhaustion doctrine is principally designed to protect the state courts'
role in the enforcement of federal law and prevent disruption of state judicial
proceedings.  Under our federal system, the federal and state "courts [are]
equally bound to guard and protect rights secured by the Constitution."
Because "it would be unseemly in our dual system of government for a
federal district court to upset a state court conviction without an opportunity
to the state courts to correct a constitutional violation," federal courts apply
the doctrine of comity, which "teaches that one court should defer action on
causes properly within its jurisdiction until the courts of another sovereignty
with concurrent powers, and already cognizant of the litigation, have had an
opportunity to pass upon the matter."

A rigorously enforced total exhaustion rule will encourage state prisoners to
seek full relief first from the state courts, thus giving those courts the first
opportunity to review all claims of constitutional error.  As the number of
prisoners who exhaust all of their federal claims increases, state courts may
become increasingly familiar with and hospitable toward federal constitutional
issues.  Equally as important, federal claims that have been fully exhausted
in state courts will more often be accompanied by a complete factual record
to aid the federal courts in their review.

455 U.S. at 518-19 (citations and footnote omitted).  More recently, the Supreme Court held

that district courts have the discretion to "stay the petition and hold it in abeyance while the

petitioner returns to state court to exhaust his previously unexhausted claims. Once the

petitioner exhausts his state remedies, the district court will lift the stay and allow the

---

[2]The Court entered an Order dismissing the petition on the grounds that the
petition was moot. [Dkt. #8].   The Order was subsequently stricken because
Respondent did not properly serve its motion to dismiss upon Petitioner; and the case
was reopened. [Dkt. #11].  Petitioner was given until July 30, 2009 to file a response to
the motion to dismiss; and Respondent was given until August 17, 2009 to file a reply.
*Id.*  Both pleadings have been timely filed with the Court.

petitioner to proceed in federal court." *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005).

While the Supreme Court authorized district courts to employ this "stay-and-abeyance"

procedure, it cautioned them to limit its use to appropriate cases:

> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.
> . . .
> For these reasons, stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

544 U.S. at 277.

The Court is not persuaded that "stay and abeyance" is appropriate. Petitioner

offers no explanation for failing to present his sixth and seventh claims to the Michigan

courts, either as part of his direct appeal as part of a motion for relief from judgment under

MCR 6.502. There is no time limit on filing to motions under MCR 6.502. Therefore,

Petitioner could have filed such a motion at any time after he was convicted.[3]   Had he

done so at any time prior to the expiration of the one-year limitations period applicable to

---

[3]The mere fact that Petitioner is acting *pro se* does not constitute good cause for his failure to pursue available state court remedies. *See Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004).

habeas petitions, the limitations period would have been tolled while that motion was pending. *See* 28 U.S.C. § 2244 (d)(1), (d)(2). Instead, after the Michigan Supreme Court denied his application for leave to appeal on October 29, 2007, Petitioner took no action for eight months, until he filed the habeas petition on June 16, 2008. The Court can discern no "good cause" for Petitioner's failure to present his sixth and seventh claims to the state courts. "In the absence of any explanation or justification, Petitioner has not established 'good cause' for his failure to exhaust [unexhausted] claim[s]." *Williams v. Brunsman*, 2009 WL 88772, at *4 (S.D. Ohio Jan.12, 2009). *Accord Caporini v. Smith*, 2008 WL 4502669, at *4 (S.D. Ohio Oct. 02, 2008).

Even through stay and abeyance is inappropriate, the Court will nonetheless permit Petitioner to withdraw his unexhausted claims and proceed solely with his first five claims. As indicated by the Supreme Court in *Rhines*, "if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." 544 U.S. at 278. Dismissal of the entire petition would preclude habeas review even of Petitioner's exhausted claims, since the one-year limitations period in 28 U.S.C. §2244(d)(1)(A) has expired.

### III. CONCLUSION

Respondent's "Motion to Dismiss" [Dkt. #6] is **DENIED**.

Petitioner must notify the Court and Respondent in writing on or before Monday, October 26, 2009, whether he is withdrawing his sixth (violation of *Miranda* rights) and

6

seventh (evidence tampering) claims.  If Petitioner withdraws those claims, the Court will

proceed to review only the first five claims.  If Petitioner does not withdraw his sixth and

seventh claims, or if he fails to inform the Court and Respondent of his intentions by the

close of business, Monday, October, 26, 2009, the Court will dismiss all seven claims

pursuant to *Rose v. Lundy*.

**IT IS ORDERED.**

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  September 11, 2009

The undersigned certifies that a copy of this
document was served on the attorneys of
record and Marshall Wright by electronic
means or U.S. Mail on September 11, 2009.

s/Linda Vertriest
Deputy Clerk