UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARSHALL WRIGHT, #588791,

    Petitioner,

                                          Civil No: 2:08-12576
                                          Honorable Victoria A. Roberts
                                          Magistrate Judge Michael J. Hluchaniuk

v.

DONALD RUDOLPH,

    Respondent.

_____/

**OPINION AND ORDER: INTERPRETING PETITIONER'S REQUEST
TO STAY THE HABEAS PROCEEDINGS AS A MOTION FOR
RECONSIDERATION, DENYING THE MOTION FOR RECONSIDERATION,
AND DISMISSING THE HABEAS PETITION WITHOUT PREJUDICE**

Pending before the Court is Petitioner's motion to stay these habeas proceedings, which is in the form of a letter to the Court. On June 16, 2008[1] Petitioner Marshall Wright, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Respondent subsequently filed a motion to dismiss on exhaustion grounds. On September 11, 2009, the Court issued an Order denying Respondent's motion to dismiss and directing Petitioner to withdraw his unexhausted claims or otherwise inform the Court of his intentions, relative to the continuance of this matter, by October 26, 2009 [dkt. #17]. The Order further stated that if Petitioner failed to exercise either of those options, the Court would dismiss the habeas petition in its entirety pursuant to *Rose v. Lundy*, 455 U.S. 509, 522 (1982).

Petitioner timely responded to the Court's Order, by filing a motion to stay these

---

[1] Under the prison mailbox rule this Court assumes that Petitioner actually filed his habeas petition on the date that it was signed and dated. *Fugate v. Booker,* 321 F.Supp.2d 857, 859, n.2 (E.D. Mich. 2004)

proceedings pending the exhaustion of his unexhausted claims. However, Petitioner's motion will be interpreted as a motion for reconsideration of the Court's September 11, 2009 Order because the issue of staying these proceedings was fully addressed in the Court's September 11, 2009 Order and was rejected as a choice for Petitioner to exercise relative to the disposition of this case.  For the reasons that follow, Petitioner's motion to stay these proceedings is DENIED and the habeas petition is DISMISSED WITHOUT PREJUDICE.

I. **Discussion**

### A. Motion for Reconsideration

The Court's order of dismissal was entered on September 11, 2009.  Because Petitioner had only 10 days to file a motion for reconsideration under Eastern District of Michigan Local Rule 7.1(g)(1), intermediate legal holidays and weekend days are excluded under Federal Rule of Civil Procedure 6(a)[2]. Therefore, Petitioner was required to submit his motion for reconsideration on or before September 25, 2009.[3] Because courts have not been blind to the dilemmas of *pro se* prisoners and the particular challenges they face in meeting court deadlines, the Supreme Court formulated a mailbox rule, stating that documents are considered filed with the court when the document is submitted to prison

---

[2]Federal Rule of Civil Procedure 6(e), which gives a party three additional days to file a document when the party is required to do so within a specified time period *after service*, does not technically apply here because Eastern District of Michigan Local Rule 7.1(g)(1) requires the motion to be filed "10 days *after entry* of the judgment or order," not after service of the order.

[3]The September 25, 2009 deadline takes into consideration the weekends of September 12, 2009, September 13, 2009, September 19, 2009 and September 20, 2009.

officials for filing. *Houston v. Lack,* 487 U.S. 266, 272 (1988). Therefore, under the mailbox rule, if Petitioner had signed, dated, or given his motion to prison authorities to mail on September 25, 2009, his motion would be considered timely.

Petitioner's motion to stay these proceedings was signed and dated on October 8, 2009. The motion was received by Court on October 14, 2009. As a result, Petitioner's motion is untimely and he has waived his opportunity for reconsideration.

**B. Dismissal of Habeas Petition Without Prejudice**

The Court's September 11, 2009 Order specifically directed Petitioner to withdraw his unexhausted claims or otherwise inform the Court of his intentions. Petitioner states in his request to stay these proceedings that he wants to return to the state courts and exhaust his claims. Although the Court found that the "stay-and-abeyance" procedure may not be applied to Petitioner's case for reasons set forth in its September 11, 2009 Order, the Court may nevertheless provide safeguards so as not to "jeopardize the timeliness of a collateral attack" in light of the fact that his claims are not "plainly meritless" nor has Petitioner demonstrated dilatory conduct during the pendency of this matter. *Palmer v. Carlton,* 276 F.3d 777, 781 (6th Cir. 2002), quoting *Zarvela v. Arizona,* 254 F.3d 374, 380 (2nd Cir. 2001). The Court shall adopt the safeguards approved by the Sixth Circuit in *Hargrove v. Brigano,* 300 F.3d 717, 719-21 (6th Cir. 2002)

Therefore, the Court will dismiss the petition without prejudice and the one-year limitations period shall be tolled from the date Petitioner filed his petition, June 16, 2008, until Petitioner returns to federal court. This tolling of the limitations period is conditioned upon Petitioner pursuing his state remedies within sixty (60) days of this Court's Order and returning to federal court within sixty (60) days of exhausting his state remedies. *Id.* at

718, 721.

## II. <u>Conclusion</u>

Petitioner's request for a stay of proceedings [dkt. # 18] is interpreted as a motion for reconsideration and is DENIED.

Petitioner's habeas petition [dkt. # 1] is DISMISSED WITHOUT PREJUDICE.

The one year statute of limitations found in 28 U.S.C. §2244(d)(1) shall be tolled from June 16, 2008, until the time Petitioner returns to federal court to pursue habeas relief, provided that: (1) Petitioner presents his unexhausted claims to the state court within **sixty (60) days** from the date of this Order and (ii) Petitioner returns to this Court to pursue habeas corpus relief within **sixty (60) days** of exhausting his state court remedies.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  October 26, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record and Marshall Wright by electronic means or U.S. Mail on October 26, 2009.

s/Carol A. Pinegar
Deputy Clerk