UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARSHALL WRIGHT, #588791,

    Petitioner,

                                        Civil No: 2:08-12576
                                        Honorable Victoria A. Roberts
                                        Magistrate Judge Michael J. Hluchaniuk

v.

DONALD RUDOLPH,

    Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER'S
SECOND MOTION FOR RECONSIDERATION**

Pending before the Court is Petitioner's second motion for reconsideration, submitted to the Court as a letter. On October 26, 2009, Petitioner's request for a stay of proceedings was interpreted as a motion for reconsideration and was denied; and, his habeas petition was dismissed without prejudice. The Order further instructed Petitioner as follows:

> The one year statute of limitations found in 28 U.S.C. §2244(d)(1) shall be tolled from June 16, 2008, until the time Petitioner returns to federal court to pursue habeas relief, provided that: (1) Petitioner presents his unexhausted claims to the state court within **sixty (60) days** from the date of this Order and (ii) Petitioner returns to this Court to pursue habeas corpus relief within **sixty (60) days** of exhausting his state court remedies.

(Order, 10/26/09, pg. 4). After the 10/26/09 Order was entered, but on the same day, Petitioner filed another letter stating that instead of pursuing a stay of these proceedings,

he decided to withdraw the unexhausted claims and requested that the Court "proceed with the remaining five (5) claims." [dkt. #21]. Petitioner claims that his motion to stay these proceedings should not have been interpreted as a motion for reconsideration because he was not informed by the Court of the ten (10) day time frame in which such a motion must be filed. Therefore, Petitioner requests that the letter that he recently filed with the Court [dkt. # 22] serve as his motion for reconsideration.

## I. Discussion

Petitioner says he was unaware of the time lines regarding motions for reconsideration. "[A] defendant does not have a constitutional right to receive personal instruction from the [federal district judge] on courtroom procedure" and [ ] "the Constitution [does not] require judges to take over chores for a *pro se* defendant that would normally be attended to by trained counsel as a matter of course." *Piller v. Ford,* 542 U.S. 225, 231 (2004) quoting, *McKaskle v. Wiggins,* 465 U.S. 168, 183-84 (1984).

Accordingly, this Court had no duty to instruct Petitioner concerning the time frame within which to file a motion for reconsideration. Also, it is well established that lack of awareness of the rules of law is not a reason for a habeas petitioner to receive an additional advantage in his litigation. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004). (ignorance of the law is not sufficient to extend the statute of limitations or warrant equitable tolling).

The only reason the Court instructed Petitioner regarding time frame deadlines in its October 26, 2009 Order, is because those time parameters were within the Court's discretion; and, Petitioner would have had no way to know how to proceed otherwise.

Therefore, the Court acted appropriately in interpreting Petitioner's motion for a stay of proceedings as a motion for reconsideration and for enforcing the ten (10) day time frame within which to file such a motion. Accordingly, Petitioner's motion for reconsideration was properly denied as untimely.

However, even if the reconsideration motion had been filed timely, or if the Court had chosen to rule upon Petitioner's motion to stay as a reconsideration motion, relief would still be denied. Motions for reconsideration may be granted when the moving party shows: (1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the correction of which will result in a different disposition of the case. E.D. Mich. L.R. 7.1(g)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." *Olson v. The Home Depot,* 321 F.Supp.2d 872, 874 (E.D. Mich. 2004).

The Court declined to issue a stay; Petitioner offered no explanation for failing to present his sixth and seventh claims to the Michigan courts, either as part of his direct appeal or as part of a motion for relief from judgment under MCR 6.502. Therefore, no "good cause" was demonstrated by Petitioner to substantiate the issuance of a stay and abeyance order. Petitioner further failed to demonstrate in his first motion for reconsideration or in the one pending before the Court, that the Court's decision to deny a stay was based upon a palpable defect by which the Court was misled.

As for Petitioner's subsequent letter informing the Court that he no longer sought a stay, but rather chose to dismiss the unexhausted claims and proceed with those that were filed in the original habeas petition, the Court had already ruled on Petitioner's first motion requesting a stay [dkt. #19]; and had no way to anticipate that Petitioner would change his

mind about how he wanted to proceed.[1] Therefore, the ruling stands and this matter is dismissed without prejudice.

Petitioner was instructed in the October 26, 2009 Order on how to proceed, and he still has an opportunity to pursue this matter if he follows the mandate of that Court.

Petitioner's options remain the same: he may either return to the state court for exhaustion purposes, or, he may re-file his habeas petition with this Court without the unexhausted claims. Since Petitioner filed conflicting requests, this case remains dismissed without prejudice pending timely action by Petitioner.

## II. Conclusion

Petitioner's motion for reconsideration [dkt. # 22] is **DENIED**. Petitioner must present his unexhausted claims to the state court by **February 10, 2010** and return to this Court to pursue habeas corpus relief within **sixty (60) days** of exhausting his state court remedies, OR withdraw the unexhausted claims and re-file his habeas petition by **February 10, 2010**. If no action be taken by Petitioner by February 10, 2010, this matter will be dismissed with prejudice.

**IT IS ORDERED.**

          /s/ Victoria A. Roberts
          Victoria A. Roberts
          United States District Judge

Dated: December 17, 2009

---

[1] Petitioner states that since he had not been notified about the status of his request for a stay of this matter, he decided to withdraw the unexhausted claims and proceed with those that were presented in his original habeas petition.

The undersigned certifies that a copy of this document was served on the attorneys of record and Marshal Wright by electronic means or U.S. Mail on December 17, 2009.

s/Linda Vertriest
Deputy Clerk

5